

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMIRE DEZIRE ETHEL MOORE,<br><br>                          Plaintiff,<br><br>v.<br><br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>                          Defendants. | Case No.:  25-cv-864-BEN (AHG)<br><br><br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)** |

   Plaintiff, a non-prisoner proceeding pro se, has filed a proposed Complaint and a motion for leave to proceed in forma pauperis ("IFP"), rather than paying the regular filing fee as required by 28 U.S.C. §1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee if the plaintiff is granted leave to proceed pursuant to 28 U.S.C. §1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  This Court finds Plaintiff's affidavit of no assets is sufficient to show she is unable to pay the fees or post securities required to maintain this action.  Accordingly, the Court grants Plaintiff's Motion to Proceed IFP.

**Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. §1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Title 28 U.S.C. § 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of §1915 may rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal. *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

In this case, Plaintiff's complaint is incomprehensible and fanciful. A court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (citations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. Congress included subsection (e), which allows the courts to dismiss an in forma pauperis complaint if the action is frivolous, or malicious, or fails to state a claim for relief. *Id*. In passing §1915(e), Congress was well aware that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id*. at 31 (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

In this case, Plaintiff's claims are fanciful and incomprehensible and thus fall within the ambit of frivolous and baseless claims that must be dismissed before U.S. Marshals are asked to serve the Complaint. 28 U.S.C. §1915(e)(2).

**Conclusion**

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is granted. The Complaint is dismissed with prejudice and without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127, n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

DATED: November 3, 2025

Hon. Roger T. Benitez
United States District Judge

25cv864-BEN